ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| United States Dept. of Housing and Urban Development, | CASE NO. 5:16MC002 |
| Respondent, | |
| | Judge John R. Adams |
| v. | |
| | ORDER |
| Joel Brown, et al., | |
| Movants. | |

On January 22, 2016, Movants Joel Brown and Taurus Libra Cancer, Inc. moved to quash administrative subpoenas issued by the United States Department of Housing and Urban Development ("HUD"). HUD has moved to dismiss this action for lack of jurisdiction, and Brown has replied in opposition. The motion to dismiss is GRANTED.

In its motion, HUD contends that this Court lacks jurisdiction to consider the motion to quash because no enforcement action has been taken on its non-self-executing subpoenas. Brown has responded that the lack of an enforcement action is no impediment to this Court's exercise of jurisdiction.

In *Reisman v. Caplin*, the United States Supreme Court found dismissal was appropriate of a pre-enforcement challenge to an IRS subpoena. *See* 375 U.S. 440 (1964). *Reisman* noted that those seeking to challenge administrative subpoenas had their rights protected by virtue of being able to assert their defenses during any enforcement action. *Id.* at 448-449. One court has explained the effect of *Reisman* and its progeny as follows:

> One of the most firmly established principles of administrative law is that courts cannot entertain pre-enforcement challenges to administrative subpoenas. Courts have uniformly held that such challenges are not ripe for judicial review. *See Fleet/Norstar Financial Group, Inc., v. SEC*, 769 F.Supp. 19, 20 (D.Me.1991) and cases cited therein. Since administrative subpoenas are not self-executing, recipients of such subpoenas can raise their procedural and substantive objections *only* if and when the government seeks to enforce the subpoena in court. *Id*. As a leading administrative law commentary states:
>
> Due to lack of jurisdiction, the courts will not entertain motions brought by the subpoenaed party to quash or modify subpoenas.... Since agencies lack the power to enforce their own subpoenas, they must apply to the district courts for enforcement. *Only then may substantive or procedural objections to the subpoena be raised for judicial determination*.
>
> Stein, Mitchell, and Mezines, Administrative Law 21.01(1) at 21–4 (1990) (emphasis added).

*Lopes v. Resolution Trust Corp.*, 155 F.R.D. 14, 15 (D.R.I. 1994)

Brown counters this authority contending that numerous cases have allowed such actions to proceed. The Court is not persuaded by the authority presented by Brown. For example, in *Greene v. Philadelphia Housing Authority*, 789 F.Supp.2d 582 (E.D.Penn. 2011), the court held:

> The HUD subpoena is an administrative subpoena issued by the HUD Office of the Inspector General, pursuant to the Inspector General Act, 5 U.S.C.App. 3 § 6(a)(4). The Inspector General Act specifically provides that subpoenas issued pursuant to the Act are "enforceable by order of any appropriate United States district court." *Id*. I thus have jurisdiction to decide whether to quash the HUD subpoena.

*Id.* at 586. The Court offered no explanation for how the term "enforceable by order" of a district court allowed for pre-enforcement challenges. As such, the Court does not find its holding persuasive. The remaining authorities offered by Brown are similarly unpersuasive. In *Territorial Court of the Virgin Islands v. Richards*, 847 F.2d 108 (3rd Cir. 1988), any jurisdictional problems associated with the motion to quash were remedied by virtue of the fact that enforcement of the subpoenas at issue was sought in the same proceeding. As such, the rule announced in *Reisman* would be inapplicable to the facts in *Richards*. Similarly, in *Amato v. United States*, 450

F.3d 46 (1st Cir. 2006), the district court construed the government's response to a motion to quash as a request for enforcement, once again removing *Amato* from the rule presented in *Reisman*. *Id.* at 49 (noting that the district court denied a motion to stay enforcement of the subpoenas indicating a prior order enforcing them had issued).

In summary, this Court has found no persuasive rationale that would suggest departing from the reasoning espoused by the United States Supreme Court in *Reisman*. Brown's rights can be adequately protected by virtue of raising any necessary defenses when and if an enforcement action is instituted by HUD. Until that time, this Court lacks jurisdiction to entertain his motion to quash. The motion is DENIED for lack of jurisdiction.

IT IS SO ORDERED.


February 24, 2016  /s/ *John R. Adams*
Date  Judge John R. Adams
 United States District Court